1319863_1

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

CHARLES F. WARGO            :      NO:    13-cv-

                    :

         v.               :      JURY TRIAL DEMANDED

                    :

CBRE, INC., and  RICHARD     :

SCHLEICHER                :      CIVIL ACTION

## C O M P L A I N T

### PARTIES

1.      Plaintiff Charles F. Wargo ("Plaintiff" or "Wargo") is an adult male individual who resides in Birmingham, Alabama.

2.      Defendant CBRE, Inc. ("CBRE") is a business corporation headquartered in Santa Monica, California and regularly doing business in the Commonwealth of Pennsylvania at Two Liberty Place, Suite 3000, Philadelphia, Pennsylvania.

3.      CBRE has, at all times relevant, been an enterprise engaged in interstate commerce which employed in excess of twenty employees for every day in the calendar year.

4.      Defendant Richard Schleicher ("Schleicher") is an adult individual who regularly conducts business at Two Liberty Place, Suite 3000, 50 South 16th Street, Philadelphia, Pennsylvania.

1319863_1

## JURISDICTION AND VENUE

5.      This is an action under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e, et. seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §955 et seq.

6.      Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5, 29 U.S.C. §626(c)(1), 28 U.S.C. §§1331 and 1367.

7.      Venue is proper in this district since the employment in question was located in this district and the acts giving rise to the claim occurred in this district, as required by 42 U.S.C. §2000e-5 and 28 U.S.C. §1391(b).

## FACTS

8.      Plaintiff was born in 1950.

9.      Plaintiff was employed by CBRE from on or about March 2005 until February 28, 2012.

10.      At all times during his employment with CBRE, Plaintiff was qualified for the job he held as Senior Real Estate Manager.

11.      Schleicher was the Plaintiff's direct supervisor beginning in 2006.

12.      During the period between the start of his said supervision and August, 2010, Schleicher made several statements to Plaintiff to the effect that he (Plaintiff) would be retiring soon and that he did not know why Plaintiff wanted to work at his age, and that the "future of CBRE is with twenty and thirty year old female employees."

13.      During the same period and until the present, CBRE's Philadelphia office, under Schleicher's supervision, has hired new employees who are all substantially younger than Plaintiff, and overwhelmingly female and younger than 40.

1319863_1

14.     During the same period and until the present, Schleicher has authorized these younger employees to take training and had denied that training to older employees, including Plaintiff.

15.     During the same period and until the present, Schleicher also refused to allow Plaintiff any administrative assistance until the client agreed to pay for it, although all other Senior Real Estate Managers working for him had it without that condition.

16.     During the same period, Schleicher required Plaintiff to move his office several times without assistance, requiring him to pack up his things "and put them in [his] car."

17.     In August, 2009, Schleicher confronted Plaintiff in the presence of Linda Applegate and threatened to fire him because his voicemail was full.  During this meeting, Plaintiff reported Schleicher's statements about his age to Donna Hill of CBRE's Human Resources department.

18.     On August 5, 2010, an attorney for the Plaintiff complained in writing to Donna Hill of age discrimination in his treatment by Schleicher and that this age discrimination reflected a preference for "twenty and thirty year old female employees."

19.     During 2011, the Defendants initiated an investigation of Plaintiff, and accused him of misconduct because his name had been associated with his brother's business.

20.     Thereafter, while continuing various of the other actions described previously, Schleicher accused the Plaintiff of causing a $5,000 late fee from PECO, although he well knew the said accusation to be false.

1319863_1

21.    In December 2011, CBRE,  in a meeting announced for an entirely different purpose, surprised the Plaintiff and attempted to get him to say there was something wrong with his conduct that would have led to his name being identified with his brother's company, all in an effort to establish a basis for taking adverse action against him.

22.    CBRE then changed Plaintiff's reporting relationship so that his new supervisor had a lower level title, although he still reported up through Schleicher.

23.    Plaintiff was terminated on February 28, 2012.

24.    Schleicher aided and abetted CBRE in its adverse actions toward the Plaintiff.

## ADMINISTRATIVE PREREQUISITES TO SUIT

25.    Plaintiff filed a complaint alleging sex and age discrimination and retaliation against CBRE, a true copy of which is attached hereto as Exhibit A, with the Pennsylvania Human Relations Commission (PHRC), which was received by the agency on August 23, 2012 and assigned Docket Number 201200788.

26.    The said complaint was cross filed as a charge with the Equal Employment Opportunity Commission (EEOC) on the same date, and assigned EEOC Charge Number 17F201261877.

27.    On October 31, 2013, the EEOC issued a Notice of Right to Sue to the Plaintiff in regard to the said complaint and charge, a copy of which is attached hereto as Exhibit B.

1319863_1

## CAUSES OF ACTION

### COUNT I

#### Unlawful Discrimination Under Title VII

28.    The averments of paragraphs 1 – 27 are incorporated by reference.

29.    Defendants' actions constitute unlawful discrimination based upon

Plaintiff's sex in violation of Title VII, 42 U.S.C. §2000e-2(a)(1).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant

legal and equitable relief against CBRE, including:

      a.  injunctive relief against further acts of discrimination;

      b.  back pay with interest;

      c.  compensatory and punitive damages in an amount in excess of
         $150,000; and

      d.  reasonable attorneys' fees and costs.

### COUNT II

#### Unlawful Discrimination under the ADEA

30.    The averments of paragraphs 1-27 are incorporated herein by reference.

31.    Defendant's actions constitute unlawful discrimination based upon

Plaintiff's age in violation of the ADEA, 29 U.S.C. §631(a).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant

legal and equitable relief against CBRA, including:

      a.  injunctive relief against further acts of discrimination;

      b.  back pay with interest;

      c.  an additional equal amount of back pay as liquidated damages;

1319863_1

    d.   compensatory damages in an amount in excess of $150,000.00; and

    e.   reasonable attorneys' fees and costs.

## COUNT III

### Unlawful Discrimination in Violation of the PHRA, 43 P.S. §955

32.    The averments of paragraphs 1 - 27 are incorporated herein by reference.

33.    Defendant's actions constitute a violation of 43 P.S. § 955(a).

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant legal and equitable relief against both defendants, including:

    a.  injunctive relief against further acts of discrimination;

    b.  back pay with interest;

    c.  compensatory damages in an amount in excess of $150,000.00; and

    d.  reasonable attorneys' fees and costs.

## COUNT IV

### Unlawful Retaliation in Violation of Title VII

34.    The averments of paragraphs 1 – 27 are incorporated by reference.

35.    Defendants actions constitute a violation of 42 U.S.C. §2000e-3(a).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant legal and equitable relief against CBRE, including:

    a.  injunctive relief against further acts of discrimination;

    b.  back pay with interest;

    c.  compensatory and punitive damages in an amount in excess of $150,000; and

    d.  reasonable attorneys' fees and costs.

6

1319863_1

## COUNT V

### Unlawful Retaliation in Violation of the ADEA

33.     The averments of paragraphs 1-27 are incorporated herein by reference.

34.     Defendant's actions were unlawful retaliation in violation of the ADEA, 29 U.S.C. §623(d).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant legal and equitable relief, including:

      a.   injunctive relief against further acts of discrimination;

      b.   back pay with interest;

      c.   an additional equal amount of back pay as liquidated damages;

      d.   compensatory damages in an amount in excess of $150,000.00; and

      e.   reasonable attorneys' fees and costs.

## COUNT VI

### Unlawful Retaliation in Violation of the PHRA, 43 P.S. §955

35.     The averments of paragraphs 1 - 27 are incorporated herein by reference.

36.      Defendant's actions constitute a violation of 43 P.S. § 955(d).

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant legal and equitable relief, including:

      a.   injunctive relief against further acts of discrimination;

      b.   back pay with interest;

      c.   compensatory damages in an amount in excess of $150,000.00; and

1319863_1

d.  reasonable attorneys' fees and costs.

By: _____

William T. Wilson (ID #41793)
MacELREE HARVEY, LTD.
17 West Miner Street
West Chester, PA 19382
(610) 436-0100
Attorney for Plaintiff

*Exhibit A*

1031437

Received

AUG 2 3 2012

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

CHARLES F. WARGO,

COMPLAINANT

v.

PHRC DOCKET NO: 201200788

EEOC CHARGE NO: 17F201261877

CBRE, INC.; and RICHARD
SCHLEICHER and SAM DELISI
RESPONDENT

COMPLAINT

1.   The complainant is:

     Charles F. Wargo
     138 Barcladen Road
     Rosemont, PA 19010

2.   The first respondent herein is:

     CBRE, Inc.
     2100 Ross Avenue, Suite 1600
     Dallas, TX 75201

3.   The second respondent herein is:

     Richard Schleicher
     CBRE, Inc.
     Two Liberty Place, Suite 3000
     50 S. 16th Street
     Philadelphia, PA 19102

4.   The third respondent herein is:

523316

Samuel Delisi
CBRE, Inc.
311 S. Wacker Drive, Suite 400
Chicago, IL 60606

**I allege the respondents violated § 5 of the Pennsylvania Human Relations Act, as follows:**

5.   I was employed as Senior Real Estate Manager by the respondent CBRE, Inc (CBRE) in Philadelphia beginning in March 2005.  I am 62 years old.

6.   Respondent Richard Schleicher (Schleicher) was my direct supervisor beginning in 2006.  Respondent Samuel Delisi (Delisi) was his supervisor.

7.   During the period between the start of his said supervision and August, 2010, Schleicher made several statements to me to the effect that I would be retiring soon and that he did not know why I wanted to work at my age, and that the "future of CBRE is with twenty and thirty year old female employees.

8.   During the same period and until the present, CBRE's Philadelphia office, under Schleicher and Delisi's supervision, has hired new employees who are all substantially younger than I am, and overwhelmingly female and younger than 40.

9.   During the same period and until the present, Schleicher has authorized these younger employees to take training and has denied that training to older employees, including me.

10.  During the same period and until the present, Schleicher also refused to allow me any administrative assistance until the client agreed to pay for it, although all other Senior Real Estate Managers working for him had it without that condition.

11.  During the same period, Schleicher required me to move my office several times without assistance, requiring me to pack up my things "and put them in [my] car."

12.  In August, 2009, Schleicher confronted me in the presence of Linda Applegate and threatened to fire me because my voicemail was full.  During this meeting, I

523316

reported Schleicher's statements about my age to Donna Hill of CBRE's Human Resources department.

13. On August 5, 2010, my attorney, Joyce Collier, complained in writing to Donna Hill of age discrimination in his treatment by Schleicher.

14. During 2011, after I revealed instances of bid rigging by Schleicher, Delisi initiated an investigation of me, and accused me of misconduct because my name had been associated with my brother's business.

15. Thereafter, while continuing various of the other actions described previously, Schleicher attempted to make me responsible for a $5,000 late fee from PECO, although he well knew the said fee to be in error, and CBRE does not normally pass on such liabilities to employees even if they are not in error.

16. In December 2011, CBRE closed its investigation of the bid rigging but, in a surprise meeting, attempted to get me to say there was something wrong with my conduct that would have led to my name being identified with my brother's company in an effort to establish a basis for taking adverse action against me.

17. CBRE then changed my reporting relationship so that my new supervisor had a lower level title, although I still reported up through Schleicher.

18. I was terminated on February 28, 2012.

19. The actions of Schleicher and Delisi aided and abetted CBRE in terminating me.

### COUNT I - AGE DISCRIMINATION

20. I believe my termination was because of my age.

### COUNT II - GENDER DISCRIMINATION

21. I believe my termination was because of my gender.

### COUNT III - RETALIATION

523316

22.  I believe my termination was in retaliation for my
     complaints, including the one sent by my attorney and
     those I made myself, about age discrimination.


I hereby request that the respondent be required to provide
all appropriate remedies under Section 9 of the
Pennsylvania Human Relations Act.


I hereby verify that the statements contained in this
complaint are true and correct to the best of my knowledge,
information and belief.  I understand that statements
herein are made subject to the penalties of 18 Pa. C. S.
Section 4904 relating to unsworn falsification to
authorities.

8 - 17 - 12
(Date signed)

CHARLES F. WARGO
(Complainant signature)

*Exhibit B*

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

NOV 0 4 2013

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: Charles Wargo<br>138 Barcladen Road<br>Rosemont, PA 19010 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2012-61877 | Legal Unit | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Spencer H. Lewis, Jr.**
**District Director**

10/31/13
*(Date Mailed)*

cc: William T. Wilson, Esquire, Counsel for Charging Party

James A. Keller, Esquire, Counsel for CBRE, Inc.

cc:    William T. Wilson, Esquire, Esq.
        MacElree Harvey, Ltd.,
        17 West Miner S Post Office Box 600
        West Chester, PA 19381


        James A. Keller, Esquire
        Saul Ewing, LLP
        Centre Square West
        1500 Market Street, 38th Floor
        Philadelphia, PA  19102-2186


        CBRE INC

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHARLES F. WARGO | CBRE, INC. and RICHARD SCHLEICHER |

| (b)  County of Residence of First Listed Plaintiff  Montgomery | County of Residence of First Listed Defendant  Philadelphia |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
|  | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| WILLIAM T. WILSON, MacELREE HARVEY, LTD.<br>17 W. MINER ST., P.O. BOX 660, WEST CHESTER, PA  19381-0660<br>(610) 436-0100 |  |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                            *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the 1964 Civil Rights Act, 42 USC Sec. 2000e, et seq; ADEA, 29 USC Sec. 623(d)

Brief description of cause:
Age and gender discrimination; retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

DEMAND $
150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  12-17-13

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: **138 Barcladen Road, Rosemont, PA**

Address of Defendant: **Two Liberty Place, Suite 3000, Philadelphia, PA**

Place of Accident, Incident or Transaction: **Philadelphia, PA**

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☐

Does this case involve multidistrict litigation possibilities?    Yes☐    No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐    No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐    No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐    No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐    No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **William T. Wilson**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **12-17-13**    _____    **41793**
                      Attorney-at-Law         Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **12-17-13**    _____    **41793**
                      Attorney-at-Law         Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CHARLES F. WARGO | : | CIVIL ACTION |
| v. | : | |
| CBRE, INC. and | : | |
| RICHARD SCHLEICHER | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　(X)


12-17-13　　　　　　　　　　　　　　　　　　　　William T. Wilson
**Date**　　　　　　　**Attorney-at-law**　　　　　**Attorney for** Plaintiff

(610) 436-0100　　　　(610) 430-7885　　　　wwilson@macelree.com

**Telephone**　　　　　**FAX Number**　　　　　**E-Mail Address**


(Civ. 660) 10/02